# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LEROY SMITH, | ) | 1:09-cv-01408-BAK-SMS HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS (Doc. 1) |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO |
| JAMES YATES, | ) | ENTER JUDGMENT AND CLOSE FILE |
| | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO |
| Respondent. | ) | SENT PETITIONER FORMS FOR FILING A |
| | ) | CIVIL RIGHTS COMPLAINT PURSUANT TO |
| | ) | 42 U.S.C. § 1983 |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 12, 2009, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1). On August 21, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 4).

Petitioner challenges Respondent's policy of permitting prison staff to place notations regarding counseling in inmates' files, contending that such notations have an adverse effect on the inmates during parole hearings. (Doc. 1, p. 8). Petitioner also appears to object to

1

Respondent's refusal to process his inmate appeal in this particular case. (Doc. 1, p. 4).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner challenges California regulations permitting prison staff to place counseling notations in the prisoners' individual files, contending that this policy adversely affects the inmates at their parole hearings. In support of this contention, Petitioner appends to the petition a copy of notations apparently placed in his file by a correctional officer, S. Mariscal, that related to an incident in which Petitioner purportedly delayed returning to his cell after the evening meal and failed to promptly obey Mariscal's order to return to his cell for lockup. (Doc. 1, p. 24). The notation itself indicates only that Petitioner had been "verbally counseled" on several occasions with "negative" results. (Id.).

Petitioner does not allege that this notation resulted in a denial of parole, nor does he allege that the incident resulted in disciplinary proceedings that deprived Petitioner of earned credits, nor, indeed, does Petitioner allege that this notation had any adverse consequence regarding the fact of or length of Petitioner's sentence. Petitioner is thus challenging the

conditions of his confinement, not the fact or duration of that confinement.[1]  Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## **ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,

3. The Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

IT IS SO ORDERED.

**Dated:   December 7, 2009**                     /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that the petition can be read as challenging Respondent's refusal to process Petitioner's appeal of the placement of the notation in his file, that claim also goes to conditions of confinement rather than the fact or duration of confinement since it is factually derivative of the substantive claim challenging Respondent's policy itself.  In other words, if the policy itself is insufficient to support habeas relief, then any irregularity in processing an appeal challenging that policy is similarly insufficient to support habeas relief.